**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

KENNETH L. HOLMES,

                        Plaintiff,                              14-CV-357-A
        v.                                     **DECISION AND ORDER**

KATHY BROOKS, in her
official capacity of Moog Inc. Payroll Mgr.

                        Defendant.
_____

       Plaintiff Kenneth Holmes, proceeding *pro se,* alleges that his employer's payroll manager, Defendant Kathy Brooks, violated various constitutional protections when Brooks, acting on behalf of Moog, Inc., made deductions from the Plaintiff's pay pursuant to an Internal Revenue Service Notice of Levy.  The Plaintiff argues that Brooks, "in her official capacity" as Moog's payroll manager, violated provisions of the Fourteenth Amendment and may have somehow been complicit in the IRS's alleged violation of the Fourth Amendment's warrant requirement.

       The Defendant filed a motion to dismiss, Dkt. No. 3, arguing: (1) that this Court does not have subject matter jurisdiction over the Plaintiff's claim for injunctive relief; and (2) that the Plaintiff has failed to state a claim upon which relief can be granted.  For the reasons stated below, the Court grants the Defendant's motion and dismisses the complaint.

**Background**

The Plaintiff derives his sole income from contract work he does for Moog, Inc.  Dkt. No. 8 ¶ 1.  In April 2014, "[the Defendant] received a Notice of Levy" informing the Defendant that the IRS had a lien against the Plaintiff's property for nearly $34,000 in unpaid taxes, interest, and penalties dating back to 1998.  Dkt. No. 3-1 ¶ 3.  As required by the Internal Revenue Code, the Defendant complied with the IRS's Notice of Levy and "began making . . . deductions from [the Plaintiff's] pay."  Dkt. No. 3-1 ¶ 5.  *See* I.R.C. § 6332(d) (providing that "[a]ny person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the [IRS], shall be liable in his own person" for both the amount of the levy as well as a penalty of 50% of the amount recoverable).

The Plaintiff then filed this lawsuit, pursuant to 42 U.S.C. § 1983, alleging violations of the Fourteenth Amendment's Due Process and Equal Protection Clauses.[1]  Dkt. No. 1.  The Plaintiff argues that the IRS's Notice of Levy was, by itself, insufficient to levy on his wages.  According to the Plaintiff, this Court must determine whether the IRS's levy is valid.  Dkt. No. 9 ¶ 5. If the levy is invalid,

---

[1] To the extent that the Plaintiff is arguing that Moog, a private party, is a government actor, *see Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982), the Plaintiff's claim is not properly brought under § 1983, which applies only to those who act "under color of any statute, ordinance, regulation, custom, or usage, of any *State*."  42 U.S.C. § 1983 (emphasis added).  The IRS—the government entity with which the Plaintiff alleges the Defendant acted in concert—is, of course, a federal agency.  The Plaintiff's cause of action would therefore need to be implied pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Because the Plaintiff is proceeding *pro se*, the Court will construe the Plaintiff's claim as one brought under *Bivens*.  Nonetheless, this distinction is ultimately immaterial to the Court's disposition of this case.

the Plaintiff argues that the Court must then determine whether "there has been a valid exercise of the fiduciary responsibilities of the Defendant, because it is only when there has been a valid exercise of the taxing power that more limited due process standards apply." *Id.*  The Plaintiff argues that "[t]he court must then decide . . . whether the . . . limits of the 5th Amendment due process [clause] have been exceeded by the prejudgment exercise of the power." *Id.*  Finally, the Plaintiff argues that if the Court disagrees with his other arguments, then "the court would have to consider whether allowing the government so extensive a power to seize property without any local control and without a sworn affidavit, violates the 4th Amendment prohibition on unreasonable seizures." *Id.*

## Discussion

Regardless of the merits of the Plaintiff's argument, the complaint must be dismissed because: (1) this Court lacks subject matter jurisdiction over the Plaintiff's claim for injunctive relief; and (2) the Defendant is statutorily immune from liability for complying with the IRS's Notice of Levy.

### A. The Court Lacks Subject Matter Jurisdiction Over the Plaintiff's Claim for Injunctive Relief

The Anti-Injunction Act provides, in relevant part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a).  This language "could scarcely be more explicit." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736

(1974).  Its purpose is "to protect[] . . . the Government's need to assess and

collect taxes as expeditiously as possible with a minimum of preenforcement

judicial interference, 'and to require that the legal right to the disputed sums be

determined in a suit for refund.'"  *Id.* (quoting *Enochs v. Williams Packing &*

*Navigation Co.*, 370 U.S. 1, 7 (1962)).  In other words, the Plaintiff may not seek,

as he is in this case, an order enjoining the collection of taxes.  *See* Dkt. No. 1 ¶

25 ("Plaintiff urgently requests this Court [sic] issue an Injunction to prohibit

Defendant's collection of my earnings from Moog Inc., until this Court declares

otherwise.").  Instead, the Anti-Injunction Act provides that the Plaintiff must first

pay his taxes and then sue for a refund.[2]

Where the Anti-Injunction Act applies, as it does here, courts lack subject

matter jurisdiction over a taxpayer's request for injunctive relief.  *See Biegeleisen*

*v. Ross*, 164 F.3d 617, at *1 (2d Cir. 1998) (table decision) (on similar facts,

holding that "[t]he district court lacked jurisdiction over plaintiff's claims against

defendant"); *Johnson v. United States*, 680 F. Supp. 508, 512 (E.D.N.Y. 1987)

("If an action is barred by the Anti-Injunction Act the district court lacks subject

matter jurisdiction and the complaint must be dismissed.").  The Court therefore

grants the Defendant's motion to dismiss for lack of subject matter jurisdiction.

---

[2] However, as discussed in the next section, Moog, Inc. and its agents would not be proper defendants in such a refund suit.

### B. The Internal Revenue Code Immunizes the Defendant from Liability for Complying with an IRS Levy

Although the Court lacks jurisdiction over the Plaintiff's equitable claims, the Plaintiff also appears to request compensatory and punitive damages against the Defendant.  See Dkt. No. 7 at 7 ("If Defendant knowingly turns over property in response to an improper levy, Plaintiff can indeed sue Defendant for punitive as well as actual damages.").[3]  These claims must also be dismissed.

When a taxpayer "neglects or refuses to pay [his or her tax liability] after demand" from the IRS, a lien exists in the amount of the unpaid taxes, including interest, penalties, and costs, "in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."  I.R.C. § 6321.  "A federal tax lien, however, is not self-executing."  *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 720 (1985).  Nonetheless, the IRS "is not without a sword to wield when a taxpayer fails to honor his or her tax obligations."  *United States v. Moskowitz, Passman & Edelman*, 603 F.3d 162, 165 (2d Cir. 2010).  Among the IRS's enforcement options is an administrative levy, which provides, by "summary, non-judicial process, a . . . convenient method for satisfying delinquent tax claims."  *United States v. Sullivan*, 333 F.2d 100, 116 (3d Cir. 1964).  To effect a levy in cases "where a taxpayer's property is held by another, a notice of levy upon the custodian is customarily served."  *Nat'l Bank of Commerce*, 472 U.S. at 721.  Such notice "gives the IRS the right to all property

---

[3] The Plaintiff does not request damages in his complaint.  However, in light of the Plaintiff's *pro se* status, the Court will liberally construe his briefing as a request for damages.

levied upon and creates a custodial relationship between the person holding the property and the IRS so that the property comes into the constructive possession of the Government."

Once the custodian has complied with the levy, Internal Revenue Code section 6332(e) provides as follows:

> **Effect of honoring levy**—Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary . . . shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

The effect of this provision is simple: the custodian—here, the Defendant—may not be held liable for complying with an IRS levy.  This proposition is well-settled.  *See Nat'l Bank of Commerce*, 472 U.S. at 721 ("If the custodian honors the levy, he is 'discharged from any obligation or liability to the delinquent taxpayer with respect to such property or rights to property arising from such surrender or payment.'") (quoting I.R.C. § 6332(d)); *Biegeleisen v. Ross*, 164 F.3d 617 at *1 (2d Cir. 1998) (table decision) (holding that I.R.C.      § 6332 "protects [a bank employee] for liability to [the taxpayer] for honoring the levy"); *Dietz v. Trustco Bank*, 572 F. Supp. 2d 296, 298 (N.D.N.Y. 2008) ("[I.R.C. § 6332] is consistently interpreted to be valid and, as it unambiguously states, it

serves to protect parties who comply with an IRS notice of levy from facing

liability.").

The Plaintiff's argument that the IRS's Notice of Levy was insufficient to

levy on his earnings is premised entirely on the Internal Revenue Code of 1939

and caselaw interpreting that outdated version of the Code.  *See generally* Dkt.

No. 9.  However, as other courts have recognized, there is no "merit to Plaintiff's

argument—based upon the long-defunct 1939 tax code and cases interpreting

it—that Defendant should not have complied with the levy because it was not

executed via a warrant of distraint."  *Burroughs v. Wallingford*, 780 F.2d 502, 503

(5th Cir. 1986) (per curiam).[4]

The Defendant complied with the IRS's Notice of Levy, and I.R.C.

§ 6332(e) now shields the Defendant from liability.  If the Plaintiff has qualms with

the process by which the IRS executed its lien on his earnings, those arguments

are "properly considered in a suit against the IRS and not against [Defendant]."

*Id.* The Plaintiff has accordingly failed to state a claim upon which relief may be

granted.

---

[4] The Plaintiff tacitly admits this point.  *See* Dkt. No. 9 at 5 (noting that although a case on which the Plaintiff relies "was decided prior to the implementation of the 1954 Code, Congressional intent was to continue the existing law relating to distraint and levy").  As evidence of this, the Plaintiff then cites a passage of the legislative record interpreting § 6331 of the 1954 Code, the current version of which authorizes the IRS to levy on a taxpayer's property.  *Id.* The Plaintiff fails to address how this, or the rest of his argument, which is concerned solely with the IRS's process for levying on a taxpayer's property, is in any way relevant to the protection that § 6332(e) provides to individuals and entities that do nothing more than comply with an IRS levy.

## **Conclusion**

For the reasons stated above, the Plaintiff's complaint is dismissed.

**SO ORDERED.**


Dated: July 8, 2014                              s/Richard J. Arcara_____
                                                 HONORABLE RICHARD J. ARCARA
                                                 UNITED STATES DISTRICT JUDGE